HUBBARD CARTER ET AL. *v.* THOMAS M. ATTOWAY.

1. FORECLOSURE—PARTIES.—In a suit to enforce the vendor's lien, a subsequent vendee, in possession, and claiming under a recorded deed, is a necessary party.
2. SAME—SALE.—As against a purchaser, of whose claim there is notice, a sale had under a decree of foreclosure against the original vendee alone, is not sufficient to pass title.
3. SAME.—Nor is it different where such purchaser knew, at his purchase, that the purchase-money, in whole or in part, was unpaid, and knew of the proceedings to enforce the lien.
4. PRACTICE.—The pleadings not admitting that the defendant held by purchase prior to the commencement of the suit to foreclose, it was not error to admit the decree and sale made under it, when offered as evidence of title.
5. FORECLOSURE—PLEADINGS.—Where such purchaser, under decree of foreclosure, brought trespass to try title against a prior purchaser, the equities which the plaintiff had as against the land, by his owning the judgment, by virtue of his purchase of the land and payment of the judgment, cannot be litigated. By proper pleadings, the plaintiff can enforce his equities against the land.

APPEAL from Rusk. Tried below before the Hon. M. D. Ector.

Thomas M. Attoway sued Carter, in trespass to try title for

159 acres of land. Z. B. Garrison, landlord, made himself party defendant. The defendants pleaded not guilty.

On January 15, 1867, Nancy Easley sold the land in controversy to G. C. Keys. On the 1st July following, Keys sold to defendant Garrison, and the deed was recorded May 15, 1868.

The purchase-money, notes given by Keys to Nancy Easley, were by her assigned to B. C. H. Johnson, who, July 29, 1868, brought suit to enforce the vendor's lien against Keys. Garrison was not made a party. Under a decree of foreclosure, Attoway became the purchaser, and this suit was brought under that title against Carter, tenant of Garrison.

Judgment was rendered for the plaintiff, and Carter and Garrison appealed. All other facts necessary are given in the opinion.

*Smith & Casey* and *Morris & Gould*, for appellants, cited Mason *v.* Russell's Heirs, 1 Tex., 726; Punderson *v.* Love, 3 Tex., 60; Rivers *v.* Foote, 11 Tex., 662; Dalby *v.* Booth, 16 Tex., 565; Christy *v.* Scott, 14 How., (U. S.,) 293; Stroud *v.* Springfield, 28 Tex., 651; 1 Greenl. Ev., secs. 286, 288, 296.

*Jones & Henry*, for appellee, cited Fitzhugh *v.* Custer, 4 Tex., 399; Drinkard *v.* Ingram, 21 Tex., 654; Bowers *v.* Chaney, 21 Tex., 367; Robbins *v.* Kimble, 2 Tex., 258; Baldwin *v.* Dearborn, 21 Tex., 448; St. Clair *v.* McGehee, 22 Tex., 5; Cayce *v.* Powell, 20 Tex., 771; Grassmeyer *v.* Beeson, 18 Tex., 765; Davis *v.* Loftin, 6 Tex., 496; Willis *v.* Chambers, 8 Tex., 150.

*Robertson & Herndon*, for appellants, cited Johnson *v.* Byler, 38 Tex., 606; Buchanan *v.* Monroe, 22 Tex., 543; Mann *v.* Falcon, 25 Tex., 276; 4 Kent, 186.

GOULD, ASSOCIATE JUSTICE.—This was an action of trespass to try title, in which the plaintiff claimed as purchaser at a

sale under a decree enforcing a vendor's lien, rendered in a suit brought by B. C. H. Johnson against George C. Keys. At the time that suit was commenced, Garrison, the defendant in the present case, was in possession of a part of the land on which the lien was sought to be enforced, claiming it under a duly recorded deed to himself from Keys. The plaintiff in that suit was certainly affected with notice of Garrison's claim, and should have made him a party. As he was not made a party, his rights cannot be affected by the foreclosure and sale.

At the late Galveston Term it was held, (and the conclusion was arrived at after the question had been for some time before the court in different cases, and had received mature consideration,) that, as against a purchaser of whose claim there is notice, a sale, had under a decree of foreclosure against the original vendee alone, is ineffectual to pass the title. (Preston v. Breedlove, 45 Tex., 47; Byler v. Johnson, 45 Tex., 509.)

Although it appears that Garrison was aware of the suit brought by Johnson, and was indeed a witness on the trial, it is not perceived that this should take the case out of the general rule just stated. He was under no obligation to appear in the case.

The court below, in its charge, held that Attoway, by his purchase under the decree of foreclosure, was entitled to recover, if Garrison bought the land with notice that any portion of the purchase-money was unpaid. As this ruling is erroneous, and goes to the foundation of the plaintiff's case, it is not material to inquire whether or not the assignment of errors is sufficient to present it.

There is a bill of exceptions, and an assignment of error to the admission in evidence of the judgment in the case of Johnson v. Keys. As the court could not know in advance that Garrison would show that he held under a prior conveyance from Keys, of which Johnson had notice, the evidence was properly admitted. In a case where the plaintiff in his pleadings admits such facts, the judgment is properly ex-

cluded. (Byler *v.* Johnson, 45 Tex., 509.) But ordinarily the evidence should be admitted, and the jury instructed as to its legal effect.

In this case there were no pleadings raising any other issue than that of title, and under such pleadings the plaintiff could not enforce against Garrison any equitable rights which he may have acquired by his purchase. (Mann *v.* Falcon, 25 Tex., 272.) By his purchase he paid off the judgment in favor of Johnson against Keys, and may claim to be subrogated to all the rights which Johnson had to enforce his lien against the land in Garrison's hands. (Harrison *v.* Oberthier, 40 Tex., 390.) No reason is perceived why he may not so amend his pleadings as to set up those equities in this case.

The judgment is reversed and the cause remanded.

REVERSED AND REMANDED.