## GUILFORD PITMAN v. EDWARD H. HENRY.

A PURCHASER at a sheriff's sale, under an order enforcing the vendor's lien in his own favor, brought an action of trespass to try title against a vendee of the defendant in execution, in possession of part of the tract under deed prior in date to the foreclosure proceedings, to which he was not a party. The defendant pleaded his title to the part claimed, and disclaimed as to the balance. The plaintiff, by amendment, set out the facts of the original sale to the vendor of defendant, asked judgment for a balance of purchase-money due, and an order of sale against the land : *Held*—

1. Under the pleadings, the purchase-money note was properly allowed in evidence.

2. The foreclosure proceedings were not admissible against defendant.

3. That defendant could not claim the benefit of the doctrine of estoppel against the after-acquired title, based upon the enforcement of the vendor's lien by the original vendor.

4. The proceedings to judgment were erroneous for want of the necessary parties. All parties to the original judgment set aside were necessary.

5. The defendant in the judgment having died, the heirs of the first vendee (defendant's vendor) were necessary parties.

APPEAL from Rusk. Tried below before the Hon. A. J. Booty.

This was a suit originally instituted on May 20, 1874, by appellee, Edward H. Henry, as plaintiff, against appellant, Guilford Pitman, as defendant, in the usual form of trespass to try title, for three hundred and fifteen acres of land.

The defendant answered by general exception, general denial, disclaimed as to two hundred and eight and one-half acres of the land sued for, and as to the remainder pleaded the statute of limitations of three, five, and ten years, and specially deraigned title to the one hundred and six and one-half acres of the land claimed by him, as follows: 1. By deed, with general warranty of title, to said three hundred and fifteen acres of land, made by the plaintiff to Lewis H. Carver, reciting the consideration of $900 to have been paid, of date September 29, 1859, recorded November 1, 1859. 2. By deed, with general warranty of title, to said one hundred and six and one-half acres of land, made by the said Lewis H. Carver to defendant Pitman, reciting the consideration of $375 to have been paid, of date January 6, 1860, recorded November 1, 1871.

Defendant further pleaded that he was an innocent purchaser for a valuable consideration, without notice, of the said land claimed by him.

It was agreed that both parties claimed under said Lewis H. Carver as a common source.

The testimony shows that the consideration of said deed from plaintiff to Carver was $900, of which $500 was paid down, and for the remainder, of $400, the note of said Carver was given to plaintiff, due on November 1, 1860; that said consideration of $375 for the deed from Carver to the defendant was paid on delivery of the deed; that defendant went into possession of the land claimed by him at the date of his deed, January 6, 1860, and has since remained in possession of the same, cultivating, using, and enjoying the same, and paying taxes thereon. The testimony was con-

flicting as to whether the defendant, at the date of the purchase by him, had notice of the vendor's lien for the $400 unpaid.

By amended petition, filed January 18, 1877, the plaintiff virtually abandoned his action of trespass to try title, (and which, in argument in open court, counsel admitted was not then relied upon,) and sought to subject said land to the vendor's lien for said $400. In this amended petition the plaintiff alleged, substantially, that the said Lewis H. Carver having departed this life, plaintiff recovered judgment, on the 11th of August, 1871, against his heirs for the sum of $776, principal and interest of said note, and enforcing the vendor's lien on said three hundred and fifteen acres of land; and for execution against said heirs for any remainder, to be levied on any property in their hands belonging to the estate of said Lewis H. Carver; that under order of sale on said judgment the plaintiff, on November 7, 1871, purchased the whole of said land, including that claimed by defendant, for the sum of $267.50.

The plaintiff, in said amended petition, prayed that in the event he could not recover the land on his original petition, the same be again sold to enforce his vendor's lien.

The defendant Pitman was not made a party to said suit against said heirs of Carver, and they were not made parties to this suit. To said amended petition the defendant, both by special exception and answer, set up the statute of limitation of four years against said claim of plaintiff, upon which he sought to enforce the vendor's lien.

On August 8, 1878, this suit came on for trial, was submitted to the court, and judgment was rendered for plaintiff establishing as due from said heirs of Lewis H. Carver the sum of $1,205.40, setting aside the first sale as to the said defendant, and enforcing the vendor's lien on the whole of said three hundred and fifteen acres of land to pay said amount and costs of both said suits. The defendant Pitman appealed. The errors assigned are given in brief of appellant.

*W. W. Morris,* for appellant.

I. The court erred in overruling appellant's exception to the amended petition.

The amendment shows on its face that the writing sought to be enforced was barred by the statute of limitations, its date being September 29, 1859, and due November 1, 1860, and the amendment bringing it on the record was filed January 18, 1877, more than four years.

II. The judgment and proceeding thereon named of Henry *v.* Carver's Heirs, the sale of the land under that proceeding, and purchase by appellee at sheriff's sale of the identical land which he again seeks to sell for the enforcement of the lien claimed by the same debt, is the object of said amendment, and cannot be sustained. Henry cannot enforce his vendor's lien but once on the same land with the same debt.

The writing as purchase-money for the land being barred by prescription, the lien is gone. (3 Pars. on Cont., 280.)

III. The court erred in overruling appellant's objections to the bond or obligation of Lewis H. Carver, given for the balance of the purchase-money for the land, because it is shown by plaintiff's amended petition and proof to be barred by the statutes of limitations.

IV. The court erred in overruling defendant's objection to the reading in evidence the proceedings and judgments in favor of E. Henry against the heirs of Lewis H. Carver, because appellant Pitman was not a party to said proceeding and judgment, and because the judgment is against the heirs of Carver, and because defendant Pitman was in no manner liable on said judgment. (Byler *v.* Johnson, 45 Tex., 509; Carter *v.* Attoway, 46 Tex., 109; Preston *v.* Breedlove, 45 Tex., 47; Gould *v.* West, 32 Tex., 353.)

V. The court erred in admitting in evidence as a muniment of plaintiff's title the sheriff's deed for the land sued for, because said deed recites Lewis H. Carver as defendant in the judgment to support said deed.

VI. The court erred in that part of its judgment setting aside the sheriff's sale heretofore made as to defendant Pitman, because there are no pleadings to justify such action, because of no notice, because the court could not thus legally interfere with a previous sale and vested right, and because such proceeding is irregular and void.

VII. The court erred in its decree enforcing a supposed lien against appellant Pitman, when the identical land had been before sold on a lien claimed against L. H. Carver for the same debt, and said land bought by Henry.

VIII. The court erred in giving judgment in favor of appellee Henry against appellant Pitman, in the teeth of his covenant with warranty to L. H. Carver for absolute title in fee, and covenant to the same extent from Carver to Pitman, with no proof of any liability from Pitman to Henry to sustain said lien; and because there was no proof of a contract in writing, under the statute of frauds; the contract or obligation from Carver to Henry being barred by the statute of limitations.

IX. The court erred, as it is apparent on the record and as shown in the bill of exceptions, because the court decreed a sale of the land with nothing due from Pitman to plaintiff Henry, but for a debt due the estate of Carver; because said judgment violates the statute declaring the manner of enforcing by decree the vendor's lien on land, which contemplates a debt due from the defendant; and because the District Court had no right or jurisdiction to decree an order to sell said land, or thus deal with the estate of Carver, he having died, and the jurisdiction over his estate belonged to the County Court. (Paschal's Dig., art. 1480.)

X. The court erred in admitting the sheriff's deed and record of the case of appellant against the heirs of L H. Carver, thereby sustaining the appellant's title to the land in question, because Carver, the vendee of appellee, and appellant, the vendee of Carver, held the land by absolute deed, with covenants for title, long before the purchase of Henry at sheriff's

sale as above, to wit, Henry to Carver in November, 1859, and Carver to appellant Pitman in January, 1860; and because the after-acquired title by appellee Henry at sheriff's sale inured to the benefit of and vested in Carver as the vendee of Henry, and to appellant Pitman as the vendee of Carver. (Mays *v.* Lewis, 4 Tex., 38; Ackerman *v.* Smiley, 37 Tex., 215; 4 Kent's Comm., 98.)

XI. The judgment is too vague to support the decree, because it shows no debt or liability by Pitman to Henry, and because it declares no vendor's lien to be enforced. (Preston *v.* Breedlove, 45 Tex., 50.) Henry sold to Carver by absolute deed, with warranty title. He thereby waived his lien on the land. His warranty estops him from setting up a lien. To evict Pitman would give a right action on the warranty; but he is estopped by his deed that runs with the land.

"The purchaser of an estate with warranty takes not only the equitable title of the vendor at the time of the sale, but also takes whatever title the vendor may afterwards acquire, whether by purchase or otherwise." (Ackerman *v.* Smiley, 37 Tex., 215; Mays *v.* Lewis, 4 Tex., 38; 4 Kent's Comm., 98.)

*James H. Jones* and *Martin Casey*, for appellant.

I. The exception to the plaintiff's amended petition is general. He derives no benefit from his petition as one to try title. Has he alleged a sufficient cause of action by amendment? Can a purchaser of land, with notice of the purchase-money being unpaid by his vendor, hold the land against the vendor of his vendor without paying the purchase-money? The plaintiff sued in trespass to try title, and amended, alleging the facts stated, down to the evidence of Everett, and charging Pitman with notice that the purchase-money was unpaid when he purchased from Carver. (Briscoe *v.* Bronaugh, 1 Tex., 326.)

II. To be a purchaser *bona-fide* one must have purchased and paid the purchase-money without notice of the prior claims of others, and if he has such notice he is a *mala-fide*

purchaser. (Castro v. Illies, 22 Tex., 503; Humphries v. Freeman, 22 Tex., 49, 50.)

The credibility of conflicting evidence is a matter peculiar to the jury, and the verdict will not be disturbed because they may have erred. (Stewart v. Hamilton, 19 Tex., 101.) In this case at bar the judge was the jury. (See Jordan v. Brophy, 41 Tex., 283 ; as to conflicting evidence, see 1 Stark. Ev., 518.)

III. The promise of Carver in writing to pay Henry the balance of the purchase-money was changed to a debt of record, the judgment against the heirs of Lewis H. Carver.

IV. Pitman was not a party to the undertaking of Carver to pay Henry the purchase-money for the land.

V. When the justice of the case and the equitable rights of the parties require it, a previous sale by order of court may be set aside, and the same entire tract of land ordered to be sold again in several parcels. (Harrison v. Oberthier, 40 Tex., 385; Rorer on Judicial Sales, sec. 1081.)

BONNER, ASSOCIATE JUSTICE.—There are several alleged errors assigned, some of which, under the present rules of practice, and which apply to this case, are too general to require consideration. The others will not be considered in the order presented.

The third and fourth errors assigned present as error the admission in evidence of the note made by the said Lewis H. Carver for the sum of $400 and the judgment of the court thereon against his heirs.

In the suit as originally brought, as an action of trespass to try title, under former decisions of this court this judgment, the note having been merged into it, would not have been admissible in evidence against the defendant, as he was not a party thereto. (Preston v. Breedlove, 45 Tex., 47; Carter v. Attoway, 46 Tex., 110.)

Under the amended petition, the action was changed from one of trespass to try title to an equitable proceeding to en-

force the vendor's lien. In the case as then presented, we are of opinion, without deciding what should be its legal effect, that the testimony was admissible as part of plaintiff's cause of action.

The fifth alleged error raises the question of the admissibility of the sheriff's deed to the plaintiff under the purchase by virtue of the order of sale, substantially, because of variance between the same and the judgment against the heirs of Carver.

This deed, although referred to in the bill of exceptions, is not set out in the record, either as an exhibit to the pleadings or as part of the statement of facts, and hence we cannot advisedly pass upon this objection.

We do not think the alleged error assigned, is well taken, that the court should not have given judgment for the plaintiff, because under his warranty title to Lewis H. Carver the subsequently-acquired title of the plaintiff under the sale enforcing the vendor's lien against the heirs of said Carver inured to the benefit of defendant, who also claimed under a warranty deed from Lewis H. Carver, vendee of plaintiff.

The principle, that to avoid circuity of action the after-acquired title of a vendor who conveyed with covenant of general warranty of title will inure to the vendee and those claiming under him, does not apply where this after-acquired title is based upon the enforcement, in a proper case, of the lien for the purchase-money in favor of the original vendor.

The alleged errors, substantially, that the court erred in setting aside the sheriff's sale to plaintiff, made under the judgment, enforcing the vendor's lien against the heirs of Lewis H. Carver, and ordering a sale of the land to again enforce the vendor's lien, because there were no sufficient pleadings to authorize such a decree, we believe to be well taken.

We are of opinion that, although a case might arise in which it would be proper to set aside a former sale enforcing

the vendor's lien, and order a new one, yet, to authorize this, all the parties in interest should be before the court, and the necessary pleadings should be made.    In a case like the one now under consideration, where it is sought to establish by parol evidence the vendor's lien against a subsequent purchaser who has been in possession of the land for years, by virtue of a legal title derived from and under the holder of this lien, the plaintiff, in the first instance, should by full and appropriate allegations set out proper grounds for equitable relief, and should then sustain these allegations by clear and satisfactory evidence.

The pleadings in this case were not sufficient to warrant the judgment rendered.   As the cause will be remanded, we make no comment on the evidence adduced.

We are further of opinion, that as the interests of the heirs of Lewis H. Carver might be affected by the subsequent suit, they were necessary parties thereto.

The question of stale demand was not raised by the pleadings: and as no authorities have been cited in support of the plea of the statute of limitations of four years set up in reply to the amended petition, and as a bar to the claim for the vendor's lien sought to be enforced thereunder, we give no opinion upon this issue.

Judgment is reversed and the cause remanded.

REVERSED AND REMANDED.