W. P. LANGDON ET AL. v. DAVID M'CANLESS.

(No. 314.)

TRESPASS TO TRY TITLE.
PARTIES.
VENDOR'S LIEN.— In a suit to enforce the vendor's lien a subsequent vendee in possession and claiming under a recorded deed is a necessary party; and the purchaser at a foreclosure sale to which suit such vendee was not a party cannot maintain an action of trespass to try title against such vendee.

WRIT OF ERROR from Navarro county. Opinion by WATTS, J.

STATEMENT.— On the 2d of April, 1861, R. S. Tate and wife purchased from David McCanless, agent of the heirs of S. F. McCanless, six hundred acres of land, paying therefor $45 cash, and a promissory note executed by W. A. Lockart, payable to F. E. Tate, for $1,410.42, bearing ten per cent. interest, dated January 1, 1861, due on the day after its date, which note Tate and wife indorsed by written assignment, guarantying the payment thereof, and stating that it was for the purchase money for six hundred acres

of land. The deed did not retain a lien for the unpaid pur-chase money.

On the 2d of June, 1864, Tate and wife sold the six hun-dred acres of land to W. S. Langdon, father of plaintiffs in error, for a consideration paid of $2,400.

David McCanless instituted suit for collection of the note against W. A. Lockart and Tate and wife, but did not make Langdon nor his heirs parties thereto, praying in his petition for foreclosure of the vendor's lien against the six hundred acres of land; recovered judgment decreeing the land to be sold to satisfy the debt at the October term, 1866, of the district court of Navarro county, whereupon *venditioni exponas* was issued April 4, 1868, and the land sold by the constable, acting as sheriff, April 5, 1868, David McCanless becoming the purchaser at his bid of $100, and at the July term, 1871, of the district court brings this suit of trespass to try title against the plaintiffs in error, who were in possession and claiming the land as the heirs of their deceased father, W. S. Langdon; the petition was in usual and ordinary form in such action. On the 20th day of November, 1871, the defendant answered by plea of " not guilty," and general denial.

The cause was tried at the November term, 1872, and re-sulted in a verdict and judgment for defendant in error, and against the plaintiffs in error for the land. The court charged the jury as follows:

" That in all sales of real estate, if the vendor does not take personal security, then the law presumes the vendor's lien to exist, and it requires no proof to establish the same, further than the claim sued on was for the purchase money. But when the vendor takes personal security the burden of proof rests on him to show that the vendor's lien was retained, and in this case the jury will look to the evi-dence and determine whether or not this lien was so re-tained, and if they so believe they will find for the plaint-iff. And the jury will also look to the evidence to see and

determine whether or not Langdon, at the time of purchase, had knowledge of the existence of said lien."

Opinion.— The view we take of this case renders it unnecessary for us to notice the assignment of errors. It is evident that this case was tried in the court below upon the idea that if there was a vendor's lien upon the land in controversy in favor of the McCanless heirs, by reason of the indorsement of the Lockart note by Tate, and that Langdon had notice of this lien at the time he purchased the land from Tate, that then McCanless acquired the superior title by reason of his purchase at the foreclosure sale, and was entitled to a recovery.

Tate conveyed the land to Langdon by a warranty deed, acknowledging the payment of the purchase money, which was on record long before the institution of the suit by the McCanless heirs against Lockart and Tate, for the amount of the note and to foreclose the lien upon the land.

The repeated decisions of the supreme court has fully determined that a purchaser of the legal title from a vendor who has not paid the purchase money, when such purchaser's deed is of record, will not be affected by a foreclosure of the lien in a suit to which he was not a party, and which suit was instituted after the record of his deed. And especially is this true when the legal title was in the vendee, and, as in this case, passed from him to such purchaser. Bybee v. Johnson, 45 Tex., 509; Sample v. Irwin, 45 Tex., 567; Peters v. Clements, 46 Tex., 114; Pitman v. Henry, 50 Tex., 357.

The court, in the case of Carter v. Attoway, 46 Tex., 108, held that, "In a suit to enforce the vendor's lien, a subsequent vendee, in possession and claiming under a recorded deed, is a necessary party." In the same case it was held, as against a purchaser of whose claim there was notice, a sale made under a decree of foreclosure against the original vendee, and to which suit such purchaser was not a

party, is not sufficient to pass title to the land; and that this rule is not in any way affected by the fact that such purchaser had notice of the lien at the time of his purchase.

The title to the land in controversy passed from Tate and was vested in Langdon by the conveyance from the former to the latter; and this title could not be divested by any proceeding or suit between the holder of the Lockart note and Tate, to which neither Langdon nor his heirs were parties. As between McCanless and Langdon's heirs, the latter held the title to the land, and in the absence of a proceeding to divest the same out of them he did not acquire, as against them, such title by reason of the purchase at the foreclosure sale as would sustain an action of trespass to try title.

In this case Langdon's heirs having established their heirship, and having produced the deed from Tate to their father, were entitled to a judgment against McCanless, and the court erred in the charge with respect to the latter's right to recover in the event there was a lien on the land, and that Langdon had notice of the lien at the time of his purchase from Tate. This was a fundamental error going to the foundation of the plaintiff's case, and is not waived because it is not assigned as error. Carter *v.* Attoway, *supra.*

REVERSED AND REMANDED.