### JAMES ROBINSON v. VIRGINIA E. BLACK.

(Case No. 793.)

1. NECESSARY PARTIES.— When a vendor holding a mere equitable lien
   for purchase money seeks to enforce his lien against the vendee, a
   subsequent purchaser holding a deed for the land, and in possession
   thereof, is a necessary party.
2. SAME.— But if neither the party in possession or his vendor had
   more than a mere equity, and the party in possession was charged
   with notice by the recitals of the deed under which he claims that
   the purchase money notes had not been paid, such party in posses-
   sion is not a necessary party to proceedings to foreclose.

APPEAL from Freestone. Tried below before the Hon.
D. M. Prendergast.

Suit in trespass to try title by James Robinson against Virginia E. Black, to recover a tract of land in Freestone county. The petition was filed March 1, 1876. April 7, 1876, defendant answered by a general demurrer and a plea of "not guilty." October 17, 1876, C. L. Watson appeared and made himself a party defendant, alleging that Virginia Black was his tenant, and adopting her answer.

It was admitted on the trial that both parties claimed under one Harris Bishop as a common source of title, and that defendant was in possession when the suit was brought.

The title of appellant was as follows:

1st. Deed from Bishop to S. P. Hendrix and F. E. Hendrix, his wife, dated October 31, 1874, filed for record December 13, 1875, and recorded January 6, 1876, for the land in controversy.

2d. Deed from S. P. Hendrix and wife to plaintiff, dated November 30, 1875, filed for record December 13, 1875, and recorded January 6, 1876.

Appellee introduced a deed from Frank M. Anderson and M. H. Anderson for the land in controversy, dated September 7, 1872, to Harris Bishop. This deed recited that it was made in consideration of four promissory notes executed by Bishop to F. M. Anderson, as follows: First note, for $107.30, due January 1, 1873; second note, for $102.50, due January 1, 1873; third note, for $300, due March 1, 1874; fourth note, for $100, due March 1, 1875. An express lien was retained in the deed to secure the payment of these notes.

It appears that Anderson transferred the third note to the firm of De Borde & Karner, and the fourth to one Self. Self and the firm of De Borde & Karner instituted suits on their respective notes in the district court of Freestone county against Bishop, and on the same day (August 4, 1875) recovered judgments against him upon the notes and foreclosing the vendor's lien. September 9,

1875, an order of sale was issued upon these two judgments and delivered to the sheriff of Freestone county, who was James Robinson, the plaintiff in this suit. October 5, 1875, C. L. Watson, the landlord of defendant, bought the land at the sheriff's sale, and received the sheriff's deed on the following day. This deed was acknowledged by the sheriff on the 7th and recorded on the 10th of December, 1875.

Plaintiff objected to the introduction of the sheriff's deed on the ground that, when the suits above mentioned were instituted against Bishop, Hendrix and wife, the vendors of plaintiff, were in possession of the land under a deed from Bishop, and were not made parties. The objection was overruled and plaintiff excepted. Judgment for appellant.

*Theo. G. Jones* and *W. B. Robinson*, for appellant.

I. Plaintiff's vendors were not bound by the decrees foreclosing the vendor's lien against Bishop (Hall *v.* Hall, 11 Tex., 547; Buchanan *v.* Monroe, 22 Tex., 543; Mills *v.* Traylor, 30 Tex., 11); and Watson could not, under his deed from the sheriff, have maintained trespass to try title against them. Carter *et al. v.* Attaway, Tyler term, 1876.

II. If Watson could not, under his deed from the sheriff, have maintained trespass to try title against plaintiff's vendors, it is not perceived upon what principle he could take possession of the land ejecting plaintiff, and hold it against him by virtue of such title, and under no other plea than that of not guilty.

*Bradley & Kirven* and *Likens & Stewart*, for appellees.

DELANY, J. COM. APP.—There are three assignments of error in this case, but they present only one question for our determination. Plaintiff in error contends that as his vendors, Hendrix and wife, were in possession of

the land in dispute and holding a deed for the same when proceedings were instituted in the two cases of De Borde & Karner *v.* Bishop, and Self *v.* Bishop, and were not made parties to those proceedings, they were not affected by the judgments rendered therein. This is certainly the rule when a mortgagee seeks to enforce his mortgage against the mortgagor, or a vendor holding a mere equitable lien for the purchase money brings suit against his vendee. In each of these cases a subsequent vendee is a necessary party; for in neither case does the plaintiff hold the legal title. This rule is so well established that we need not cite authorities to support it.

But the case before us does not fall within this rule. Plaintiff in error did not have the legal title. Neither he nor his vendors had anything more than an equity. They had notice by the recitals of the deed under which they claimed that the purchase money had not been paid.

This case resembles very much the case of Ufford *v.* Wells, 52 Tex., 612. But the two cases are not exactly alike in every particular. In Ufford *v.* Wells the suit for foreclosure was brought by the vendor and the land was bought by him at the sale. In his deed to the vendee he had reserved a lien to secure the payment of the purchase money. But before he brought his foreclosure suit his vendee had sold the land and the purchaser had put his deed upon record. In an action of trespass to try title by the heirs of Wells against a subsequent purchaser of the land, it was held that the defendant could not protect himself upon the ground that the purchaser from the original vendee had not been made a party to the foreclosure suit. In the case before us, the suit to foreclose was not brought by the vendor, nor was the land bought by him at the sale made under the decree. The foreclosure suits were brought by assignees of the purchase money notes, and at the sale the land was bought by a stranger, viz., C. L. Watson, the landlord of defendant

in error. It is unnecessary for us to inquire in this case where the legal title was after the transfer of the purchase money notes. Whoever may have had it, it is certain that plaintiff in error did not. We have the case, then, of a plaintiff who has only a mere equity bringing trespass to try title against a defendant in possession, whose equities are, to say the least, equal to his own. We think the judgment should be affirmed.

AFFIRMED.

[Opinion delivered February 6, 1882.