### B. W. RHINE v. LOUIS HODGE AND L. A. HODGE.

### No. 32.

**1. Possession as Notice.**—Actual possession of land operates as notice of the existence of an unrecorded deed under which the possessor claims title.

**2. Married Woman's Deed—Defective Acknowledgment.**—When the certificate of acknowledgment of a deed made by a married woman to convey land which is her separate property fails to state that the officer explained the deed to her, such deed can not unaided serve as a basis of title, either legal or equitable.

**3. Foreclosure of Vendor's Lien—Necessary Parties.**—Where there is a suit to foreclose an implied vendor's lien on land (neither the notes given for the purchase money nor the deed executed to the maker of the notes expressly retaining the lien), a third person then in actual possession of the land under deed from the maker of the notes holds the legal title, which remains unaffected by such foreclosure proceedings unless such third person is made a party thereto.

**4. Estoppel by Judgment, Effect of.**— A deed by a married woman was defectively executed, and she was afterward sued on the notes given to her for the purchase money and endorsed by her, and in that suit a vendor's lien was foreclosed against the land, with sale thereunder. *Held,* that if the effect of such judgment was to validate the defective deed, as against her, by estoppel, then such estoppel would inure in favor of a subsequent purchaser of the land from her vendee in such deed, as well as in favor of the purchaser at such foreclosure sale.

APPEAL from Collin. Tried below before Hon. H. O. HEAD.

*Jenkins & Pearson, P. B. Muse, T. F. Mangum* and *M. H. Garnett,* for appellant.—1. Where it appears from the certificate of an officer taking the acknowledgment of a married woman to a conveyance of her separate property that he did not fully explain the deed to her as required by law, the legal title to said land does not pass by such conveyance: In such a case the purchaser at best only acquires an equity. Berry v. Donley, 26 Texas, 737; Johnson v. Bryan, 62 Texas, 625; Langton v. Marshall, 59 Texas, 296; Jones v. Robbins, 74 Texas, 615.

2. Where the legal title remains in the vendor, and where the vendor transfers the notes to another party, the vendor holds the legal title in trust for the benefit of the holder of the notes as well as for the vendee, should he subsequently pay the notes; and such legal title will be divested through a sale made under a foreclosure of the lien. Russell v. Kirkbride, 62 Texas, 456; Hamblen v. Folts, 70 Texas, 132; Land and Cattle Company v. Boon, 73 Texas, 549.

3. Where the vendor of land does not part with the legal title, and the vendee sells to a subsequent purchaser, who takes actual possession of the land, in a suit to foreclose the vendor's lien it is not necessary to make such subsequent purchaser a party. Foster v. Powers, 64 Texas, 250;

Ufford v. Wells, 52 Texas, 612; Land and Cattle Company v. Boon, 73 Texas, 549.

4. While the deed from Mrs. Ford to Hatch was defective and did not pass the title to him, yet she, having sold the notes growing out of that transaction to Rhine, and having endorsed and guaranteed the payment of the same to him, in the suit brought by Rhine on the notes and to foreclose the lien, to which suit she was a party, and having there failed to assert her title to the land, would be estopped as against Rhine from afterward asserting her title thereto; and the purchaser at such foreclosure sale bought the title she owned. Such estoppel does not, however, inure to the benefit of defendants, but only to Rhine, the purchaser at such sale, and those having his estate therein. Webb v. Mallard, 27 Texas, 85; Henderson v. Terry, 62 Texas, 284; Howard v. North, 5 Texas, 290; Nichols v. Dibrell, 61 Texas, 541.

No brief for appellees reached the Reporter.

TARLTON, CHIEF JUSTICE.—This suit involves the title to 62.27 acres of land out of the Thomas Chambers survey, in Collin County. It was brought by the appellant against the appellees, in the District Court of Collin County, and resulted, on January 19, 1889, in a verdict by a jury, and in a judgment accordingly, in favor of appellees, from which appellant prosecutes this appeal.

1. Prior to October, 1871, the land in controversy was the separate property of Mrs. Sarah F. B. Ford, wife of L. D. Ford.

2. At that date Mrs. Sarah F. B. Ford, joined by her husband, L. D. Ford, executed what purported to be a deed of conveyance to said land to one J. G. Hatch. This instrument was recorded September 9, 1879.

3. The certificate of the officer taking the acknowledgment to this instrument fails to state that he explained it to Mrs. Ford.

4. This instrument is the common source of the title of plaintiff and defendants, and was so introduced and relied upon at the trial.

5. It recited as a part consideration therefor three promissory notes executed by Hatch, aggregating the sum of $150, and payable to Sarah F. B. Ford or bearer.

6. Neither the instrument itself nor the notes expressly retain the vendor's lien to secure the payment of the deferred purchase money. The notes, however, recite that they were given in part payment of the land.

7. On each of the notes is an endorsement by Sarah F. B. Ford and L. D. Ford, assigning it to B. W. Rhine, appellant, and guaranteeing its payment.

8. After this endorsement, and in February, 1873, B. W. Rhine brought

suit, No. 1351, upon these notes in the District Court of Collin County, against J. G. Hatch, the maker of the notes, and against Mrs. S. F. B. Ford and her husband, L. D. Ford. In this suit plaintiff sought judgment for the amount of the notes and a foreclosure of a vendor's lien upon the land in question.

9. December 1, 1873, B. W. Rhine obtained a judgment as prayed for in cause No. 1351, which was followed by an order of sale dated January 9, 1874, and a sale thereunder on the first Tuesday in February, 1874, and a sheriff's deed in accordance therewith, promptly recorded.

10. The instrument from S. F. B. Ford and husband to J. G. Hatch, supplemented by the foreclosure proceedings culminating in a sheriff's deed, constitutes the appellant's title to the land in controversy.

11. December 28, 1871, J. G. Hatch, by deed, conveyed the land to one John G. Bailey, who died in March, 1878, or about that time, leaving surviving as his heir his daughter L. A. Bailey, who afterward intermarried with Louis Hodge, and, with him, is the appellee herein.

12. This deed from Hatch to Bailey was not recorded until December 9, 1879.

13. There was evidence, which the jury found to be true, showing that at the time of the institution of the foreclosure suit, No. 1351, John G. Bailey was in possession of the land, claiming it under the deed from Hatch; and when this suit was brought appellees were in possession, claiming under the same deed.

14. As already indicated, John G. Bailey was not a party to the foreclosure suit, No. 1351.

There are several assignments of error. We do not, however, think it necessary to set them out, or to consider them separately. The complaint, in each of them urged, is founded upon the following portion of the court's charge:

' "If you [the jury] believe from the evidence that plaintiff in said foreclosure suit ever had actual notice or was in law chargeable with notice of said deed from Hatch to Bailey, you will find for the defendants; and in deciding as to whether plaintiff had such notice or not, you are instructed that if you believe from the evidence that at the time of the institution of said foreclosure suit, on the 27th day of February, 1873, the said John Bailey was in actual possession of said land and living thereon, you will find that plaintiff was chargeable with notice of said deed."

The deed from Mrs. S. F. B. Ford and her husband to Hatch, on account of the omission of the officer to show that he had explained the instrument to the wife, could not, unaided, serve as a source of title, either legal or equitable, in plaintiff or in any one else. Berry v. Donley, 26 Texas, 737; Johnson v. Bryan, 62 Texas, 625; Ruleman v. Pritchett, 56 Texas, 483; Jones v. Robbins, 74 Texas, 615.

The charge in question indicates the conclusion by the trial court that Mrs. Ford, by virtue of the judgment in the foreclosure suit, was estopped from denying the validity of the deed from Hatch. We are not required to consider the soundness of this conclusion; because, as the appellant's contention is founded upon it, he is in no condition to complain of it. The charge, however, indicates the additional conclusion by the court that this estoppel would inure as well to the benefit of John G. Bailey, and to his heir Mrs. Hodge, as to the appellant. It is of the latter conclusion that appellant complains. He insists that as to him the deed was in all respects validated by the foreclosure suit; but that as to Bailey and his heirs it was and is a nullity.

If there was an estoppel against Mrs. Ford on account of the judgment of foreclosure, it had reference to the deed in question. The notes involved in that suit were executed in consideration of the deed, and if they were adjudicated to constitute a lien upon the land, it was only because it had also been adjudicated that the land had been conveyed. The judgment, therefore, had necessary reference to the deed, and if by the judgment title was divested out of Mrs. Ford, such divestiture had relation to the deed and to the date thereof. The benefit of such divestiture extended to the vendee in the deed, J. G. Hatch, and to all his privies in estate, as well to his vendee Bailey, the ancestor of the appellee Mrs. Hodge, as to the plaintiff claiming under the foreclosure proceedings against Hatch.

We, therefore, for the purpose of disposing of this question, treat the deed as having been in all respects validated by the foreclosure proceedings. Now, as neither the deed nor the notes contemporaneously drawn expressly retained the vendor's lien, the former, as an executed contract, must be admitted to have passed the legal title to Hatch, subject only to the implied vendor's lien. In such a case, the holder of the purchase money notes must sue not only the maker of the notes, but also the subsequent purchaser, if there be one, of whose claim the plaintiff has notice, actual or constructive. The legal title in the latter by virtue of the deed can not be affected by the foreclosure proceedings unless he be made a party thereto. Ufford v. Wells, 52 Texas, 612; Robinson v. Black, 56 Texas, 215; Ransom v. Brown, 63 Texas, 188; Foster v. Powers, 64 Texas, 247.

Under the facts of this case, as there was evidence showing that at the time of the institution of the foreclosure proceedings appellee's ancestor was in the actual possession of the land, claiming it under the deed from Hatch to himself, appellant will not be heard to complain of the court's instruction that such possession would operate as notice of the existence of the deed. Watkins v. Edwards, 23 Texas, 443; Hawley v. Bullock, 29 Texas, 223; Mainwarring v. Templeman, 51 Texas, 212; Wimberly v. Bailey, 58 Texas, 227.

Hence the legal title. remaining in Bailey unaffected by the plaintiff's foreclosure proceedings, and passing by inheritance to the appellee Mrs. Hodge, can not be subordinated to appellant's claim.

If, on the other hand, the court erred in holding that the judgment in the foreclosure suit operated as an estoppel against Mrs. Ford, appellant will be remitted to the void deed as the basis of his title. In that event, being required to recover on the strength of his title, and being without title, he could not maintain his cause.

We therefore hold that the judgment should be affirmed, and it is so ordered.

*Affirmed.*

Delivered November 22, 1892.

Justice HEAD did not sit in this case.