**WARD et al. v. ANDERSON et al. (No. 1427.)\***

Court of Civil Appeals of Texas. Beaumont. June 14, 1927.

Rehearing Denied June 22, 1927.

1. **Limitation of actions** ⚖➡25(3)—**Note, payable in February, 1909, held barred by limitations, when conveyance was made in January 1914.**

Note, payable February 1, 1909, *held* barred by four-year statute of limitations when one of owners of land mortgaged to secure the note conveyed his interest in land mortgaged on January 21, 1914.

2. **Limitation of actions** ⚖➡167(2)—**Barring of note barred deed of trust lien.**

Deed of trust lien to secure payment of a note was barred and unenforceable when the note was barred.

3. **Deeds** ⚖➡120—**Deed executed after action on mortgage covering land conveyed was barred by statute conveyed both legal and equitable title.**

Warranty deed of one-third interest in land mortgaged after action on note and mortgage securing same was barred by statute of limitations had legal effect to pass to grantee both legal and equitable title.

4. **Mortgages** ⚖➡497(2)—**Judgment in foreclosure suit to which grantee, purchasing after foreclosure was barred by statute, was not party, did not affect grantee's title.**

Judgment in suit foreclosing deed of trust to which grantee, who purchased after action on deed of trust was barred by statute of limitations, and who had recorded deed, was not a party, did not affect title of grantee.

5. **Mortgages** ⚖➡497(2)—**Failure of mortgagors to plead statute of limitations in foreclosure suit did not affect right of grantee, purchasing after foreclosure was barred, who was not party.**

Where grantee had purchased one-third interest in mortgaged land after foreclosure suit was barred by statute of limitations, and had recorded deed, failure of mortgagors to interpose defense of statute of limitations in foreclosure suit, to which grantee was not a party, did not affect grantee's right to interpose that defense in suit of trespass to try title by mortgagee who purchased at foreclosure sale.

Appeal from District Court, Orange County; V. H. Stark, Judge.

Action of trespass to try title by W. W. Ward and others against Mrs. J. S. Anderson and another. From the judgment, plaintiffs appeal. Affirmed in part, and reversed and rendered in part.

Dies, Stephenson & Dies, of Orange, for appellants.

R. Lee Davis and O. R. Sholars, both of Orange, and Geo. E. Holland, of Beaumont, for appellees.

HIGHTOWER, C. J. This suit was filed by the appellants W. W. Ward, K. W. Stephenson, and Martin Dies in the district court of Orange county, October 1, 1925, against the appellees Mrs. J. S. Anderson, Lee Woodworth, and J. N. Sims, the action being in the form of trespass to try title, in which appellants sought to recover an undivided one-third interest in a 400-acre tract of land in Orange county, fully described in their petition.

All defendants answered by general demurrer, general denial, and pleas of not guilty,

⚖➡For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
\*Writ of error granted November 2, 1927.

and the statute of three years' limitation. Defendant Mrs. Anderson further specially averred that, at the time this suit was filed, she was in actual possession of the land sued for by the plaintiffs under a judgment rendered by the district court of Orange county, order of sale issued thereon, and a sheriff's deed under the order of sale, said judgment having been rendered by the court in her favor foreclosing a deed of trust or mortgage lien that she held against the land to secure the payment of a note for the principal amount of $3,000 executed in her favor by one W. A. Ward, S. W. Sholars, and John T. Hart. She alleged fully the facts leading up to the judgment, order of sale, and sheriff's deed in her favor, which facts need not be further stated in detail. Her prayer was that, in the event the plaintiffs should recover the land involved in this suit, then judgment be also rendered in her favor, foreclosing a deed of trust that was executed by W. A. Ward, S. W. Sholars, and John T. Hart, to secure the payment of the $3,000 note upon which her judgment was based, and the interest and the attorney's fees therein provided.

Appellants filed supplemental petition, by which, among other things, they demurred generally to the answers of appellees, and specially excepted to the allegations made by Mrs. Anderson and her prayer for foreclosure of the deed of trust lien against the land sued for by appellants. In addition, appellants, in their supplemental petition, pleaded, in bar of Mrs. Anderson's claim of foreclosure of her alleged deed of trust in this suit, the statute of limitation of four years. Their general demurrer and special exception were overruled.

The case was tried with a jury, and was submitted upon two special issues. In answer to the first special issue, the jury found that Mrs. Anderson was not in actual possession of the land in controversy at the time this suit was filed. In answering the second special issue, the jury found, in effect, that Mrs. Anderson nor any of the defendants had title to the land in controversy under their plea of three years limitation. Upon this verdict the trial court entered judgment in favor of appellees for the title and possession of the land in controversy, but held that Mrs. Anderson was entitled to have the deed of trust lien claimed by her foreclosed against the land to secure the sum of $6,473.64, with interest thereon at the rate of 8 per cent., until that sum of money should be paid. From this judgment appellants have prosecuted this appeal.

The material facts upon which this judgment rests are the following:

On February 1, 1908, W. A. Ward, S. W. Sholars, and John T. Hart executed their promissory note in favor of Mrs. J. S. Anderson for $3,000, payable on or before February 1, 1909, and bearing interest at the rate of

8 per cent. per annum from date, and providing for the usual 10 per cent. attorney's fees. At the same time W. A. Ward, S. W. Sholars, and John T. Hart executed in favor of Mrs. Anderson a deed of trust covering the 400-acre tract of land, a one-third undivided interest which is in controversy here. At that time W. A. Ward, S. W. Sholars, and John T. Hart owned the 400-acre tract of land, each of them owning a one-third undivided interest in the tract. The deed of trust executed by them in favor of Mrs Anderson was recorded December 5, 1911. On January 21, 1914, W. A. Ward, by warranty deed, for the consideration of $350 in cash and natural love and affection, conveyed his one-third undivided interest in the 400-acre tract of land to his son, W. W. Ward, who is one of the appellants in this case. That deed was properly filed and recorded in the deed records of Orange county. When the $3,000 note executed by W. A. Ward, S. W. Sholars, and John T. Hart became due on February 1, 1909, it was not paid, and, so far as shown by this record, no part thereof has ever been paid. On September 30, 1916, Mrs. J. S. Anderson filed suit in the district court of Orange county against W. A. Ward, S. W. Sholars, and the heirs of John T. Hart, praying judgment on the $3,000 note, the accrued interest, and attorney's fees, but appellant W. W. Ward was not made a party to that suit. On October 30, 1916, Mrs. Anderson, in her suit against W. A. Ward, Sholars, and the heirs of John T. Hart, recovered judgment on the $3,000 note against W. A. Ward, Sholars, and the heirs of Hart, for the principal sum thereof, together with the accrued interest, and attorney's fees. Upon that judgment an order of sale was issued by the district court of Orange county, and the sheriff of the county, under the order, sold the 400-acre tract of land covered by the deed of trust in favor of Mrs. Anderson, and she became the purchaser thereof, and the sheriff, in due time, made her a deed to the 400-acre tract. It is upon these facts that the judgment foreclosing a lien claimed by Mrs. Anderson against the land in controversy rests.

[1-4] Counsel for appellants advance a number of propositions challenging the judgment of the trial court in so far as it held that Mrs. Anderson was entitled to a foreclosure of her claimed deed of trust lien against the land in controversy, title to which was shown to be in appellants. Their main contention is that the undisputed facts in this record show that, at the time appellant W. W. Ward purchased the land in controversy from W. A. Ward, the $3,000 note and the deed of trust to secure its payment, executed by W. A. Ward and S. W. Sholars and John T. Hart in favor of Mrs. Anderson, were barred by limitation and unenforceable, and that W. A. Ward's deed of January 21, 1914, to appellant W. W. Ward, conveying

the land in controversy, passed to him the legal and equitable title thereto, free from any claim or lien that had ever existed in favor of Mrs. Anderson, and that their plea of limitation in this case against Mrs. Ward's claimed lien against the land should have been sustained. They contend that the judgment which was rendered by the district court of Orange county in the suit of Mrs. Anderson against W. A. Ward, S. W. Sholars, and the heirs of John T. Hart in no manner affected the rights of W. W. Ward under his deed from his father, W. A. Ward, and that as to him that judgment was null and void for all purposes, and that, therefore, the jury having found against appellees on their pleas of limitation, and having found further against Mrs. Anderson's claim that she was in actual possession of the land in controversy at the time this suit was filed, the court, upon the undisputed facts and the verdict of the jury, should have rendered judgment in favor of appellants for the title and possession of the land in controversy, free from any lien asserted by Mrs. Anderson. We agree with the contention of appellants on this point. Unquestionably, the $3,000 note executed by W. A. Ward, S. W. Sholars, and John T. Hart, in favor of Mrs. Anderson, was barred by the four-year statute of limitation at the time W. A. Ward conveyed to W. W. Ward the land in controversy, and, of course, the deed of trust lien to secure the payment of the note was also barred and unenforceable. The deed executed by W. A. Ward on January 21, 1914, had the legal effect to pass to W. W. Ward both the legal and equitable title to the land in controversy, and, that deed having been duly placed of record at the time Mrs. Anderson filed her suit against W. A. Ward, S. W. Sholars, and the heirs of John T. Hart for recovery on the $3,000 note and foreclosure of the deed of trust to secure its payment, the judgment in that suit did not affect in any manner or to any extent the title of W. W. Ward to the land in controversy. Bradford v. Knowles, 86 Tex. 505, 25 S. W. 1117, and authorities there cited.

[5] It being shown without dispute in this record that, at the time Mrs. Anderson took her judgment against W. A. Ward, S. W. Sholars, and the heirs of John T. Hart on the $3,000 note, with foreclosure of the deed of trust given by the makers thereof, both the note and the claimed lien in that suit were barred by limitation; that judgment in no manner affected the title to the land in controversy then held by appellant, W. W. Ward, who was not a party to that suit; and the failure of the defendants in that suit to interpose as a defense the plea of limitation could not, in any manner, affect the right of W. W. Ward, who, if he had been made a party to that suit, had a complete defense of limitation of four years against the lien there claimed by Mrs. Anderson. There was never any renewal or extension of the $3,000 note or deed of trust lien executed by W. A. Ward, S. W. Sholars, and John T. Hart before the same became barred, and their failure to interpose the plea of limitation in Mrs. Anderson's suit against them could not affect the right of appellant W. W. Ward to interpose that defense against Mrs. Anderson's claim to the land asserted by her in this suit. Holford v. Patterson (Tex. Civ. App.) 240 S. W. 341; Holford v. Patterson, 113 Tex. 410, 257 S. W. 213.

It follows from these conclusions that the judgment of the trial court establishing a lien in favor of Mrs. Anderson against the land in controversy was erroneous, and should be reversed and rendered. It is therefore the order and decree of this court that the judgment of the trial court, in so far as it awarded the title and possession of the land in controversy to appellants, be affirmed, and that, in so far as a lien upon the land in favor of Mrs. Anderson was established, the same be here reversed and rendered. It has been so ordered.