## ANDERSON et al. v. WARD et al.
### (Nos. 1077—4944.)

Commission of Appeals of Texas, Section A.
March 28, 1928.

**1. Mortgages ⊙⇒497(2), 587—Foreclosure judgment and sale does not affect rights of record. owner of undivided interest, not made party.**

Record owner of undivided interest in real estate, not made party to suit to foreclose mortgage thereon, is not affected as to his rights in the land by the judgment and foreclosure sale.

**2. Limitation of actions ⊙⇒126—Right of holder of trust deed to foreclose as against record holder of undivided interest, not made party in prior foreclosure suit, held subject to limitation.**

Right of action of holder of trust deed to foreclose, as against interest of record holder of undivided interest not joined in previous foreclosure suit, held subject to bar of four-year statute of limitation, since such defendant's rights were not affected by the judgment and sale in the prior proceedings.

Error to Court of Civil Appeals of Ninth Supreme Judicial District.

Action by W. W. Ward and others against Mrs. J. S. Anderson and others, in which defendant named asserted a cross-action. A judgment for plaintiffs in the main action and for defendant named in the cross-action was affirmed as to the main action and reversed as to the judgment rendered in the cross-action (297 S. W. 281), and defendants bring error. Judgment of Court of Civil Appeals affirmed.

Holland & Cousins, of Beaumont, for plaintiffs in error.

Stephenson & Dies, of Orange, for defendants in error.

HARVEY, P. J. On February 1, 1908, W. A. Ward, S. W. Sholars, and John T. Hart executed to Mrs. J. S. Anderson, the plaintiff in error, their promissory note for the sum of $3,000, payable February 1, 1909. To secure the note they executed a deed of trust on a certain tract of 400 acres of land in Orange county, in which each of the payors

in the note owned an undivided one-third interest. The note was never paid. The deed of trust conferred on the ·trustee therein the usual power of sale to enforce the payment of the note, if the same was not paid at maturity. This power of sale was never enforced, or requested to be enforced. On January 21, 1914, W. A. Ward, for and in consideration of $350 cash and natural love and affection, conveyed to his son, W. W. Ward, his one-third interest in the land, by warranty deed. This deed was duly recorded on January 25, 1914. ·

On September 30, 1916, Mrs. Anderson filed suit against W. A. Ward, S. W. Sholars, and · John T. Hart to recover on the $3,000 note and to foreclose the lien on the land. W. W. Ward was not a party to that suit. On October 30, 1916, judgment was rendered· in the suit, in favor of Mrs. Anderson, for the amount of the note and for foreclosure of the lien. Order of sale was duly issued and executed; Mrs. Anderson buying in the land at the sale. On April 7, 1925, W. W. Ward conveyed to K. W. Stephenson and Martin Dies an undivided one-half of his one-third interest in the 400-acre tract of land.

On ·October 1, 1925, the three last named parties brought this suit in trespass to try title against Mrs. Anderson and two others, who claim parts of the 400-acre tract under Mrs. Anderson.· In answer to the suit, Mrs. Anderson set up, among other things, a cross-action, seeking foreclosure of said deed of trust lien, as against the plaintiffs in this suit. The latter pleaded the four-year statute of limitation in bar of the foreclosure sought by Mrs. Anderson. The trial court rendered judgment in favor of the plaintiffs for the one-third interest in the land, and in favor of Mrs. Anderson, foreclosing the deed of trust lien as prayed in her cross-action. From this judgment the plaintiffs appealed, and the Court of Civil Appeals (297 S. W. 281) affirmed that part of the judgment which awarded the plaintiffs the land sued for, but reversed that part which foreclosed the deed of trust lien in favor of Mrs. Anderson, and rendered judgment, in that respect, in favor of the plaintiffs, who are the defendants in error here.

[1, 2] It is our opinion that the judgment· of the Court of Civil Appeals is correct. At the time Mrs. Anderson filed her foreclosure suit in September, 1916, W. W. Ward held the title to the third interest claimed herein by the defendants in error, and his deed therefor was properly of record. ·He was not a party to that suit, and therefore the judgment and foreclosure sale in the ·suit did not affect his rights in the land. Bradford v. Knowles, 86 Tex. 508, 25 S. W. 1117, and authorities there cited. As to him, and those who claim title under him, suit to foreclose the lien created by the deed of trust

in question, was barred by the four-year statute of limitation long prior to the filing of Mrs. Anderson's cross-action in the present suit.

We recommend that the judgment of the Court of Civil Appeals be in all things affirmed.

CURETON, C. J. Judgment of the Court of Civil Appeals affirmed.