## LIND et ux. v. MERCHANTS' STATE BANK & TRUST CO. (No. 8171.)

Court of Civil Appeals of Texas. San Antonio. March 6, 1929.

Rehearing Denied April 24, 1929.

Covey C. Thomas, of Cotulla, and R. R. Smith, of Jourdanton, for appellant.

Gordon Gibson, of Laredo, for appellee.

FLY, C. J. This is an appeal from an interlocutory order denying a plea of privilege presented by Mrs. Lind to be sued in La Salle county. Appellee sued appellants, L. A. Lind and wife, on a certain promissory note for $6,000, executed by L. A. Lind, payable to appellee in Laredo, and also sought a foreclosure of a mortgage lien on 263 acres of land in La Salle county. It was alleged that Mrs. Lind was asserting "some pretended claim or other interest or right in said land." In an amended petition, not only the Linds, but the Barnes Lumber Company, Jess Rock, and J. P. McDaniel were made parties defendant. As hereinbefore stated, Mrs. Lind filed her plea of privilege to be sued in La Salle county. There are twelve assignments of error, but all grow out of, and are ancillary to, the proposition that, Mrs. Lind's residence and the land upon which it is sought to foreclose the lien being in La Salle county, the venue of the suit against her would be in La Salle county. Under the terms of the amendment to subdivision 7, art. 1995, c. 72, p. 197, General and Special Laws of the 40th Legislature: "Whenever there are two or more defendants in any suit brought in any county in this State and such suit is lawfully maintainable therein under the provisions of Article 1995 as to any of such defendants, then such suit may be maintained in such county against any and all necessary parties thereto." In this case the note given by L. A. Lind to appellee was made payable in Laredo, judicially known to this court to be the county seat of Webb county, and, to secure the payment of the note, Lind executed a deed of trust on certain lands in La Salle county where he and his wife resided. There can be no question that Lind could properly be sued on his note and mortgage in Webb county.

386

Article 1995, exception 5, Rev. Stats. The venue being properly laid as to Lind, the maker of the note and lien, "any and all necessary parties" could be joined with him, and the only question presented in this case is, Was Mrs. Lind a necessary party to the suit instituted against her husband? It appears from the record that Lind had conveyed the land on which he had executed the deed of trust to appellee, and that she was claiming the same as her property. In order to foreclose a mortgage on the land, it was absolutely necessary to have Mrs. Lind as a party. She had a deed to the land, which by its terms set it apart as her separate property, and she was necessarily made a party to the suit. The venue having attached to Webb county through the contract of Lind to pay the amount of the note in Laredo, he had fixed the venue as to all necessary parties. Matters as to whether the note on which the suit was brought, as to homestead and other defenses, are for the trial on the merits, and cannot be raised on this appeal from an interlocutory order on a plea of privilege. It was proper to present in evidence the note and deed of trust-in order to fix venue as to the maker of those instruments.

It has been held by the Supreme Court that a subsequent purchaser of property incumbered with a lien is a necessary party to foreclosure proceedings. Carter v. Attoway, 46 Tex. 108. As said in Robinson v. Black, 56 Tex. 215: "This is certainly the rule when a mortgagee seeks to enforce his mortgage against the mortgagor, or a vendor holding a mere equitable lien for the purchase money brings suit against his vendee. In each of these cases a subsequent vendee is a necessary party; for in neither case does the plaintiff hold the legal title." Appellant has only a lien on the property, while legal title to the land was vested in Mrs. Lind by the deed of her husband, which was duly recorded, and she was a necessary party to foreclosure proceedings. Rhine v. Hodge, 1 Tex. Civ. App. 368, 21 S. W. 140; Hatton v. Lumber Co., 57 Tex. Civ. App. 478, 123 S. W. 163; Andrews v. Key, 77 Tex. 35, 13 S. W. 640.

The judgment is affirmed.