## DEMMER v. LAMPASAS AUTO CO.
### No. 7539.

Court of Civil Appeals of Texas. Austin.
Dec. 10, 1930.

Rehearing Denied Jan. 7, 1931.

Woodruff & Holloway, of Brownwood, for appellant.

Abney & Walker, of Lampasas, for appellee.

BLAIR, J.:

Appeal from an order overruling appellant's plea of privilege in statutory form to be sued in Brown county, his domicile. The nature of appellee's suit, as disclosed by its petition, was one for debt evidenced by certain notes made payable in Lampasas county, where the suit was filed, executed by defendant, W. E. Boswell, in part payment of an automobile, and secured by a mortgage on the automobile, which mortgage was sought to be foreclosed against both Boswell and appellant Demmer, who was alleged to have purchased the automobile with record notice of appellee's mortgage, and that he was in possession of and claiming same. No other judgment was sought against Demmer, except to foreclose the mortgage. Appellee's controverting affidavit to Demmer's plea of privilege reads, in part, as follows:

"Plaintiff would show to the Court that said plea should not be sustained for the following reasons, to-wit:

"That plaintiff's demand is based upon a written instrument, to-wit: a series of notes executed for the purchase money due upon the automobile described in plaintiff's petition, which said notes are signed by the defendant, W. E. Boswell, and are expressly made payable at Lampasas, Lampasas County, Texas, and under and by virtue of the terms of the mortgage described in plaintiff's petition the District Court of Lampasas

County, Texas, has jurisdiction over and is the proper court to foreclose the said mortgage lien upon said automobile.

"That plaintiff's cause of action is an action for debt and a foreclosure of said mortgage lien, and is not an action for conversion."

On the hearing of the plea of privilege appellee proved the execution of the notes and mortgage sued upon by W. E. Boswell; that they were payable and enforceable in Lampasas county; and that Boswell had made default in the payment of the notes. Appellee also proved that the mortgage was recorded in Brown county where Demmer resided; that thereafter Demmer claimed to have purchased the automobile; and that he was in possession of and claiming the automobile. A writ of sequestration was issued and caused to be levied upon the automobile; whereupon Demmer filed his replevy bond with the sheriff, claiming the automobile to be his own and thereby retained possession of it.

Under the preceding facts venue was sustained in Lampasas county, in virtue of subdivision 29a of article 1995, which provides that, where two or more defendants are sued and the suit is lawfully maintainable in the county where the suit is filed against any one of the defendants, "then such suit may be maintained * * * against any and all necessary parties thereto"; hence this appeal.

■ In the main appellant contends that the controverting affidavit fails "to state any cause of action against him or any facts tending to show that he is a necessary party to the suit," and seeks to invoke that provision of article 2007, which requires that a controverting affidavit shall set "out specifically the fact or facts relied upon to confer venue of such cause on the court where the cause is pending." Clearly this statute does not require that a controverting affidavit shall set out specifically the fact or facts relied upon to confer a cause of action; but merely requires that it shall set "out specifically the fact or facts relied upon to confer venue" of the pending cause, the nature of which must be determined from the petition. Nor does the statute require that plaintiff replead his cause of action in the controverting affidavit to the plea of privilege; but requires that he plead therein only the specific "fact or facts relied upon to confer venue" of the "cause pending," which necessarily means the cause of action alleged in the plaintiff's petition. This construction of the statute is sustained by the decisions which hold that, where a controverting affidavit to a plea of privilege alleges a different cause of action from that alleged in the petition, the cause alleged in the petition must control. This construction of the statute is also sustained by the decisions which have repeatedly held that, in all

cases where the exception to the general rule of venue "is based in part upon the nature of the cause of action, the plaintiff's petition is the best and all-sufficient evidence of the nature of the action." Oakland Motor Car Co. v. Jones (Tex. Civ. App.) 29 S.W.(2d) 865, and cases there cited.

It is therefore apparent that the Legislature, by the enactment of article 2007, did not intend to require a plaintiff to incumber the record by repleading his cause of action in a controverting affidavit to a plea of privilege, because the cause of action so pleaded would be secondary to and controlled by the cause of action alleged in plaintiff's petition in the pending suit; and the plain unambiguous language of the statute merely requires that the controverting affidavit specifically set out "the fact or facts relied upon to confer venue" of the cause pending.

■ Nor do we sustain appellant's contention that the controverting affidavit did not allege "any facts tending to show that he was a necessary party to the suit." The controverting affidavit necessarily refers to and adopts the plaintiff's petition as a part of the controverting affidavit. The petition specifically alleges the grounds upon which it sought a common judgment against all defendants for foreclosure of the mortgage upon the automobile as hereinabove stated, and the preceding facts detailed tended to show that appellant was a necessary party to the suit in order that plaintiff be afforded full and adequate relief. McLeroy v. Thrift, Inc., (Tex. Civ. App.) 22 S.W.(2d) 497, 498, and cases there cited.

■ We are also of the opinion that the controverting affidavit alleged specifically the fact or facts relied upon to confer venue be specifically alleged. The pending cause was for debt and foreclosure of a mortgage lien on personal property given to secure the debt, evidenced by written instruments which by their express terms were payable or enforceable in Lampasas County. These facts were specifically alleged in the controverting affidavit. It was further specifically alleged that W. E. Boswell executed the notes and mortgage and that "the plea of privilege filed herein by the defendant E. J. Demmer * * * should be overruled * * * because plaintiff's cause of action is an action for debt and a foreclosure of said mortgage lien." The ultimate facts relied upon to confer venue were that appellee had a probable right to foreclose the mortgage against both Boswell and Demmer in the "cause pending." The controverting affidavit, standing alone, sufficiently alleged these ultimate facts, and was therefore sufficient as a basis for the proof offered that the notes and the mortgage on the automobile securing same were executed by defendant W. E. Boswell; that they were payable and enforceable under their express

terms in Lampasas county; and that default had been made in the payment of the notes by Boswell; and was also sufficient as a basis for the further proof offered that appellant had purchased the automobile with record notice of the mortgage thereon, and that he was in possession of and claiming same. This evidence established prima facie the ultimate facts which entitled appellee to foreclose the mortgage as against both Boswell and appellant, Demmer.

Nor was it necessary for appellee to allege in its controverting plea that Demmer purchased the automobile with record notice of its mortgage thereon, and that he was in possession of and claiming same. Such facts were merely the evidence by which the ultimate facts of venue of appellee's "pending cause," as revealed by its petition, were established. That is, this evidence merely established the ultimate fact that plaintiff's pending suit was one for debt and foreclosure of a mortgage lien on personal property securing the debt, and which mortgage was enforceable in the county of the suit against all defendants. It is not necessary to plead the evidence which will establish the ultimate facts sought to be established in a judicial proceeding; but a pleading is sufficient if it alleges such ultimate facts as a basis for proof of the same.

Appellant's remaining contentions are also without merit, and the judgment of the trial court will be affirmed.

Affirmed.