## CHRISTIAN v. UNIVERSAL CREDIT CO.

### No. 11323.

Court of Civil Appeals of Texas. Dallas.
July 8, 1933.

Rehearing Denied Sept. 23, 1933.

Wagstaff, Harwell, Wagstaff & Douthit, of Abilene, and Renfro, Ledbetter & McCombs and Wm. Andress, Jr., all of Dallas, for appellant.

Henry P. Edwards, of Dallas, for appellee.

LOONEY, Justice.

This appeal is from an order overruling C. F. Christian's plea of privilege. Universal Credit Company, a Delaware corporation, as assignee of a contract of sale, of a Ford motortruck, entered into between Ira G. Davenport and Self Motor Company, sued Davenport, a resident of Parker county, to recover balance of $551 due on the contract, and to foreclose the chattel mortgage given on the truck to secure the indebtedness, C. F. Christian, a resident of Taylor county, Tex., being joined as defendant, on allegations to the effect that he is in possession of the truck, claiming some right or title thereto; that he took possession with actual and constructive notice of plaintiff's lien; wherefore, plaintiff prayed for judgment against Davenport for the debt and against both defendants jointly, for foreclosure of the chattel mortgage lien.

Davenport did not answer, but Christian filed a plea of privilege, claiming the right to be sued in the county of his residence. Plaintiff controverted the plea, basing the right to maintain venue in Dallas county, against Davenport, under subdivision 5 of article 1995, R. C. S., in that, the written contract sued upon specifically requires that payments therein stipulated be made at the office of plaintiff, alleged to be in Dallas, Dallas county, Tex., and based its right to maintain venue in Dallas, against defendant Christian, under subdivision 29a of article 1995, adopted at the First Called Session of the Fortieth Legislature (1927), c. 72, § 2 (Vernon's Ann. Civ. St. art. 1995, § 29a), in that, the suit being "lawfully maintainable" in Dallas county as to Davenport, is also maintainable there as to Christian, in that he is a necessary party.

Christian attacks the correctness of the order overruling his plea, because appellee failed to show a cause lawfully maintainable in Dallas county, but even if so, that he was not shown to be a necessary party to the suit.

The contention that the suit is not lawfully maintainable in Dallas county against Davenport is based upon the failure of plaintiff to introduce, on the trial of the contest, its permit to transact business in this state. It is entirely correct to say that

appellee cannot successfully maintain its suit and obtain judgment without making such showing; but, in our opinion, this matter pertains to the trial of the main cause, and not to the contest as to venue, which is simply a trial to determine the proper forum, and is heard on a set of pleadings distinct and apart from those of the main suit. See Comer v. Landrum et al. (Tex. Civ. App.) 277 S. W. 743; Martin v. Kieschnick (Tex. Com. App.) 231 S. W. 330; Harris v. Gregory (Tex. Civ. App.) 23 S.W.(2d) 748, 750. On the trial of the contest, plaintiff introduced the written contract sued upon, obligating Davenport to make the stipulated payments, at plaintiff's office, which, under the rule announced by this court, in Strange v. General Motors, Etc. (Tex. Civ. App.) 2 S.W.(2d) 255,. was shown to be in the city of Dallas, Dallas county; thus, a case was made lawfully maintainable in Dallas county against defendant Davenport, under subdivision 5 of article 1995, and being lawfully maintainable as to him, is also maintainable against defendant Christian, provided he is a necessary party, within the meaning of subdivision 29a of article 1995. This article reads: "Whenever there are two or more defendants in any suit brought in any county in this State and such suit is lawfully maintainable therein under the provisions of Article 1995 as to any of such defendants, then such suit may be maintained in such county against any and all necessary parties thereto."

■ The language "lawfully maintainable," used in this section, refers alone to venue, and simply means that, whenever a suit, under any provision of the venue law, is maintainable against one. or more in the county where brought, "then such suit may be maintained in such county against any and all necessary parties thereto."

The question then, Is Christian a necessary party to the suit? It was developed that one of Davenport's drivers delivered the motortruck, upon which foreclosure is sought, to Christian, that he is holding same in Taylor county, and refuses to surrender possession. Plaintiff is not seeking to recover of Christian the value of the truck, but simply a joint decree, against him and Davenport, foreclosing the mortgage lien. In view of this situation, we think he is a necessary party and that the suit is maintainable against him in Dallas county.

In Duvall v. Boyer (Tex. Civ. App.) 35 S.W. (2d) 181, 184, we had occasion to define "necessary parties," within the meaning of subdivision 29a, and held that: "'Any and all necessary parties thereto' should be construed to mean 'all persons whose presence is necessary to the determination of the entire controversy,' viz., those who are interested in resisting demands of plaintiff immediately or subsequently and whose rights will be affected thereby. [Citing authorities.]" The following cases decided since the adoption of subdivision 29a support our view: McLeroy v. Thrift (Tex. Civ. App.) 22 S.W.(2d) 497, 498; Demmer v. Lampasas Auto Co. (Tex. Civ. App.) 34 S.W.(2d) 421; Jackson v. First Nat'l Bank (Tex. Civ. App.) 37 S.W.(2d) 356; Rowan v. Wurzbach (Tex. Civ. App.) 44 S.W. (2d) 1033. In McLeroy v. Thrift, supra, it was held that the appellant, "claiming an adverse interest in property on which a mortgage lien was sought to be foreclosed against another, along with himself—should be held to be a necessary party to the suit under subdivision 29a, supra, on the view that only in that way would the plaintiff be afforded adequate relief. [Citing authorities.]"

It is our opinion that the court below did not err in overruling the plea of privilege; therefore, its judgment is affirmed.

Affirmed.