**FLYNN et al. v. ATLAS LIFE INS. CO.**
No. 8197.

Court of Civil Appeals of Texas. Austin.
April 17, 1935.

Rehearing Denied May 8, 1935.

Lockhart & Brown, of Lubbock, for appellants.

Jno. B. Daniel, of Temple, and Critz & Woodward, of Coleman, for appellee.

BAUGH, Justice.

Suit was by appellee against M. A. Douthit and others upon a note originally executed by Douthit to the Temple Trust Company, and by it assigned to appellee, and to foreclose a deed of trust lien on lands in Lamb county, Tex., given to secure payment of said note.

Plaintiff, appellee here, alleged that Douthit had conveyed the land involved to Weathers, who assumed payment of said note; that Weathers had conveyed it to Matt Skeen, who assumed payment of said note; and that E. H. Flynn had purchased said land under foreclosure of second lien notes against it, but that the claim of Flynn and wife was inferior to that of plaintiff, and prayed that plaintiff's lien be established and foreclosed as superior to any interest of Flynn and wife in the premises. Flynn and wife filed separate pleas of privilege to be sued in Lubbock county, where they resided, which pleas were duly controverted, and heard before the court, without a jury. Douthit and Weathers were dismissed from the suit for lack of service upon them, and Skeen did not answer. Appellants' pleas of privilege were overruled, the case tried on its merits, and judgment rendered for plaintiff as prayed for. Flynn and wife have appealed. The same evidence was heard on the pleas of privilege as upon the merits.

The instruments in evidence show the following: Flynn and wife conveyed said land to Douthit on January 13, 1928, who, in addition to assuming outstanding indebtedness then against it, executed and delivered to Flynn a series of second lien notes against the land. The note and deed of trust here sued upon were then given by Douthit to Temple Trust Company to take up and extend prior first liens against said land and the first two second lien notes executed by Douthit to Flynn, which two notes and lien were assigned by Flynn to Temple Trust Company, in which assignment Flynn acknowledged the superiority of Temple Trust Company's lien, and made the lien securing the remainder of Douthit's notes to Flynn inferior to the lien of Temple Trust Company. The deed to Flynn subsequently made by a trustee, vesting legal title in Flynn, recited sale of the property under such second lien. Such sale, of course, in no wise affected the superiority of Temple Trust Company's outstanding first lien, but did place of record a claim of Flynn to the land.

Appellants insist here that they were entitled to have the case transferred as to them to Lubbock county, among other things, because the proof nowhere showed any privity on their part with the instruments sued upon, nor did it show the execution and delivery of the deed from Weathers to Skeen, nor that Skeen had agreed in writing to pay in Bell county, Tex., the obligation sued upon. In brief, they insist that the same quantum and character of proof was required as to their pleas of privilege as would have been required had Skeen filed a plea of privilege to be sued in Lampasas county, the place of his residence. We do not sustain these contentions. Had Skeen filed a plea of privilege, a different question would be presented. But his failure to answer is tantamount to an admission by him of all facts well pleaded. See 25 Tex. Jur. p. 403, and cases there cited. Not having challenged the venue as to him, the result is the same as if Skeen had admitted his obligation to pay said debt in Bell county. There is no question as to sufficiency of plaintiff's pleadings in that respect. Flynn cannot assert Skeen's privilege, if any be had, to be sued in Lampasas county, for him.

That being true, the only remaining question is whether Flynn and wife, as claimants of the legal title to said land under a trustee's deed conveying it to them, are necessary parties to this suit under the provisions of subdivision 29a, art. 1995, Vernon's Ann. Civ. St. In a suit upon a note and to foreclose a mortgage on land, a subsequent vendee of such land is a necessary party to such foreclosure suit. Smith v. Dozier Const. Co. (Tex. Civ. App.) 66 S.W.(2d) 744; Lind v. Merchants' State B. & T. Co. (Tex. Civ. App.) 16 S.W.(2d) 385, and cases therein cited. Venue as to Flynn was therefore properly maintainable in Bell county.

The only defense to the merits was that the note sued upon was usurious. It is admitted, however, that the identical character of loan is here involved that was held not to be usurious in Walker v. Temple Trust Co. (Tex. Civ. App.) 60 S. W.(2d) 826, affirmed by the Supreme

Court in 80 S.W.(2d) 935. On authority of that case, appellants' contention in that regard is overruled.

Finding no error in the record, the judgment of the trial court is affirmed.

Affirmed.