**JONES–YATES CO. v. HARRISON et al.**

No. 12090.

Court of Civil Appeals of Texas. Dallas.

June 5, 1936.

Rehearing Denied July 11, 1936.

Dallas C. Biggers and Durward D. Mahon, both of Dallas, for appellant.

Bunnenberg & Shell, of Wichita Falls, for appellees.

BOND, Justice.

This is an appeal from an order of the trial court sustaining appellee M. E. Harrison's plea of privilege. An agreed statement of facts affecting only the question of venue of the suit accompanies the record. It shows that appellant is the owner and holder of a note secured by a chattel mortgage on one 1933 Chevrolet, 1½-ton truck. The note and mortgage were executed by James F. Singleton to one D. P. Dunlap, payable in Dallas county, Tex., and transferred to appellant in due course of business. Subsequent to the execution of the note and mortgage, and without the knowledge or consent of the holder thereof, Singleton sold to appellee Harrison a storage or hauling tank off of said truck, which tank was on the truck at the time the mortgage was given. Harrison, who acquired possession of the tank in Wichita county, Tex., claims an interest therein.

Appellant, in pleadings, seeks no personal judgment for damages against the appellee Harrison for conversion of the alleged mortgaged property, but his action is grounded solely on the note against Singleton and for a judicial foreclosure sale of all the mortgaged property against both Singleton and Harrison.

Appellee seeks to uphold the judgment of the trial court, on the theory that he is not a *necessary* party to the action within the meaning of article 1995, subdivision 29a Vernon's Ann.Civ.St., Act of 1927, 1st Called Sess., c. 72, § 2, which reads: "Whenever there are two or more defendants in any suit brought in any county in this State and such suit is lawfully maintainable therein under the provisions of Article 1995 as to any of such defendants, then such suit may be maintained in such county against any and all necessary parties thereto."

If appellee is a necessary party to this suit, the venue was properly laid, as to him, in Dallas county, as the suit is maintainable against the defendant Singleton, under provision 5 of article 1995, Rev.St.1925, which reads: "If a person has contracted in writing to perform an obligation in a particular county, suit may be brought either in such county or where the defendant has his domicile"; and, under subdivision 29a, supra, is maintainable in such county against any and all necessary parties. The tank was in the possession of Harrison at the time of the institution of the suit, claimed by him adversely to appellant, and, for the purpose of this appeal, was a part or parcel of the mortgaged property sought to be sold by foreclosure proceedings under the terms of the mortgage sued on. It seems to us wholly inadmissible to say that appellees' presence in the suit is not necessary to the ultimate determination of the issue. The property covered by the mortgage lien could not be foreclosed on and sold under the terms of the mortgage in an action against Singleton alone, for the reason only by joining all adverse claimants to the property would the plaintiff be afforded adequate relief.

This court had occasion in a similar situation as here, in the case of Christian v. Universal Credit Co., 63 S.W.(2d) 229, Judge Looney writing the opinion, to say:

"The language 'lawfully maintainable,' used in this section, refers alone to venue,

and simply means that, whenever a suit, under any provision of the venue law, is maintainable against one or more in the county where brought, 'then such suit may be maintained in such county against any and all necessary parties thereto.'

"The question then, Is Christian a necessary party to the suit? It was developed that one of Davenport's drivers delivered the motortruck, upon which foreclosure is sought, to Christian, that he is holding same in Taylor county, and refuses to surrender possession. Plaintiff is not seeking to recover of Christian the value of the truck, but simply a joint decree, against him and Davenport, foreclosing the mortgage lien. In view of this situation, we think he is a necessary party and that the suit is maintainable against him in Dallas county."

It is our opinion that the trial court erred in sustaining the plea of privilege and transferring the cause as to appellee Harrison to Clay county, Tex.; therefore, the judgment is reversed, and judgment here rendered overruling appellee Harrison's plea of privilege.