**PIONEER BUILDING & LOAN ASS'N v. GRAY et al.**

**No. 1865.**

Court of Civil Appeals of Texas. Waco.

March 11, 1937.

Rehearing Denied April 6, 1939.

Street & Street, of Waco, for appellant.

Henderson, Kidd & Henderson, of Cameron, for appellees.

GALLAGHER, Chief Justice.

This is an appeal by the Pioneer Building & Loan Association, a corporation, from an order of court sustaining a plea of privilege to be sued in Walker county, interposed by S. E. Gray. Appellant alleged that Max Collins and his wife, Mrs. Nettie Collins, executed and delivered to it a note for $6225, payable to it at Waco, Texas, and secured the payment of the same by executing and delivering to it a deed of trust upon a certain lot of land, with the improvements thereon, situated in Cameron, Milam county, Texas. Appellant admitted a credit on said note in the sum of $1602.80, and alleged that the remainder of such indebtedness was unpaid; that Max Collins had since died and that his wife, Nettie Collins, who was made party defendant, had duly qualified as independent executrix of his estate, and that subsequent to such qualification she conveyed the mortgaged property to appellee S. E. Gray. Appellant prayed that the amount of its debt be determined and established as a lien against the property described in said deed of trust and that such lien be foreclosed. Mrs. Collins filed a formal answer. Appellee S. E. Gray filed a plea of privilege asserting his right to be sued in Walker county, where he resided. Appellant, in response to such plea, asserted by controverting affidavit that the note aforesaid and the deed of trust securing the same constituted a contract in writing which the signers thereof agreed to perform in McLennan county, and that as recited in its original petition, Mrs. Collins had conveyed the mortgaged property to appellee Gray, who was then and there in possession thereof and holding and claiming the same. A hearing was had on the plea of privilege and affidavit controverting the same, at which it was agreed in open court that Mrs. Collins resided in Milam county, appellee in Walker county, and that appellant's note was unpaid. It was further agreed that appellee car-

ried fire insurance on the property. In addition to such agreement, the note, deed of trust and a deed from Mrs. Collins to Gray conveying the mortgaged property were introduced in evidence. The consideration in said deed was $1 cash and that the grantee should take the property subject to an indebtedness in favor of appellant in the sum of $5390, more or less. No further evidence was introduced. The court sustained the plea of privilege, retained jurisdiction of the cause of action against Mrs. Collins and ordered the cause of action against said Gray transferred to the district court of Walker county.

## Opinion.

Appellant, by appropriate assignments of error, assails the action of the court in transferring its cause of action to the district court of Walker county for trial. Appellant, in that connection, contends that appellee was a necessary party to its suit to establish its debt and foreclose its mortgage lien, within the meaning of that term as used in subdivision 29a of Article 1995 of Vernon's Ann.Civ.St. Venue of the action as against Mrs. Collins was shown to lie in McLennan county under subdivision 5 of said article. Appellee having, as a part of the consideration for the land involved herein, taken title thereto subject to the amount actually remaining unpaid on appellant's debt and to foreclosure of its lien to secure collection of the same, expressly recognized the validity of the note and mortgage sued upon and estopped himself from contesting the same. Kansas City Life Ins. Co. v. Hudson, Tex.Civ.App., 71 S.W.2d 574, 578, pars. 5 and 6. He reserved, however, the right to a judicial determination of the amount of appellant's indebtedness remaining unpaid at the time of foreclosure. To this extent he voluntarily became privy to the note and mortgage which appellant sought to foreclose. We have found no reported case where the issue of whether a subsequent purchaser was a necessary party to a suit to establish a debt and to foreclose a lien on the property involved this particular situation. Regardless, however, of such situation, the general rule that when a suit is brought to establish or recover a debt and to foreclose a mortgage to enforce payment of the same, and the mortgagee has notice that the mortgagor has conveyed the encumbered property to another, the grantee in such conveyance is a necessary party to the foreclosure suit, is supported by the weight of authority. 29 Tex.Jur. p. 945, sec. 115; Bradford v. Knowles, 86 Tex. 505, 508, bottom of page, 25 S.W. 1117, and authorities there cited; Robinson v. Black, 56 Tex. 215, 217 et seq.; Carter v. Attoway, 46 Tex. 108; Anderson v. Ward, Tex. Com.App., 4 S.W.2d 32; Hatton v. Boden Lumber Co., 57 Tex.Civ.App. 478, 123 S.W. 163, 166, par. 5, writ refused and authorities there cited; Barmore v. Darragh, Tex.Civ.App., 227 S.W. 522, 523, pars. 4 and 5; Paddock v. Williamson, Tex. Civ.App., 9 S.W.2d 452, 454, par. 6, and authorities there cited; Lind v. Merchants' State Bank & Trust Co., Tex.Civ. App., 16 S.W.2d 385, 386, par. 4; Demmer v. Lampasas Auto Co., Tex.Civ.App., 34 S.W.2d 421, 422, par. 2; Jackson v. First Nat. Bank of San Angelo, Tex.Civ. App., 37 S.W.2d 356, 358, par. 2; Citizens' Nat. Bank of Cameron v. U. S. Bond & Mortgage Co., Tex.Civ.App., 48 S.W. 2d 676, 677, pars. 1 to 3, inclusive; Christian v. Universal Credit Co., Tex.Civ.App., 63 S.W.2d 229, 230, par. 3, and authorities there cited; Flynn v. Atlas Life Ins. Co., Tex.Civ.App., 81 S.W.2d 772, 773, par. 3; Jones-Yates Co. v. Harrison, Tex. Civ.App., 96 S.W.2d 238.

The testimony in this case wholly failed to show that appellant had the superior title to the land upon which it sought foreclosure, in addition to the lien evidenced by its mortgage. The testimony, however, did show affirmatively that the major portion of such indebtedness was originally created by two separate mechanic's liens and that no issue of superior title with reference to such part of the indebtedness could have existed. We therefore do not deem it necessary to discuss or distinguish the authorities applicable when a lienholder is suing for purchase money and holds the superior title in addition to an express lien to secure the same. See in this connection: Bradford v. Knowles, supra, 86 Tex. pages 509 et seq., 25 S.W. 1117, and authorities there cited; Cleveland State Bank v. Gardner, 121 Tex. 580, 50 S.W.2d 786, 787, pars. 1 and 2, and authorities there cited.

The judgment of the trial court is reversed and judgment is here rendered overruling the plea of privilege.

## On Appellee's Motion for Rehearing.

Appellee S. E. Gray, within due time after our original opinion herein was hand-

ed down, filed a motion for rehearing. Because of apparent conflict in the decisions of several of the courts of this state, we certified the controlling issue of law involved to the Supreme Court for determination. The opinion of that court answering the question so certified is published in 125 S.W.2d 284, to which reference is here made. Since said opinion sustains our original holding herein, appellee's said motion is overruled.